UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNDA CHINYERE SIMS, *et al.*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-1601 |
| | § | |
| UNITED STATES CITIZENSHIP | § | |
| AND IMMIGRATION SERVICES, | § | |
| *et al.*, | § | |

## JUDGE PALERMO'S
## REPORT AND RECOMMENDATION

Before the Court is Defendants' motion to dismiss. ECF No. 7.[1] Defendants argue that Plaintiffs' claims for mandamus pursuant to 28 U.S.C. § 1361, violations of the Administrative Procedures Act ("APA"), 5 U.S.C. § 555, and the Due Process Clause of the Fourteenth Amendment, through which Plaintiffs seek to compel Defendants to adjudicate Plaintiffs' Form I-485 applications, should be dismissed for a lack of subject matter jurisdiction, and alternatively, failure to state a claim. ECF No. 7. Having considered the briefing[2] and the applicable law, the Court concludes that the Court lacks jurisdiction to consider Plaintiffs' claim. Therefore, the motion to dismiss should be granted.

### I. BACKGROUND

Plaintiffs, a mother and her children, are citizens of Nigeria. ECF No. 1 ¶¶ 9–

---

[1] The district judge to whom this case is assigned referred all pretrial proceedings to this Court pursuant to 28 U.S.C. § 636(b)(1)(A) & (B). Order, ECF No. 8.

[2] Plaintiffs filed a response, ECF No. 13, and Defendants filed a reply, ECF No. 15.

12. The mother married a U.S. citizen on August 13, 2014. Later in 2014, her husband filed a Form I-130 application[3] and she filed a Form I-485 application[4] on her behalf. ECF No. 1 ¶ 20. In 2016, the children filed Form I-485 applications. ECF No. 1 ¶ 21. In 2018, the mother filed a Form I-360, VAWA Self-Petition,[5] with her children listed as derivative beneficiaries. ECF No. 1 ¶ 22. Later in 2018, Plaintiffs requested USCIS convert and hold in abeyance their Form I-485 applications pending adjudication of the Form I-360. ECF No. 1 ¶ 23. In May 2023, the mother's Form I-360 was approved and in July 2024, she obtained her permanent residency card based on the approved I-360. ECF No. 1 ¶¶ 24–25. Plaintiffs have requested USCIS to adjudicate the Form I-485 Applications based on the approved Form I-360 Petition. ECF No. 1 ¶ 31. The children's applications are still pending. ECF No. 1 ¶ 31.

Plaintiffs initiated this suit on April 7, 2025, seeking an adjudication of the pending applications. ECF No. 1. Plaintiffs allege that Defendants' failure to

---

[3] The purpose of a Form I-130 application is to classify the non-citizen as the filing citizen's spouse for immigration purposes. *See Macharia v. Garland*, No. 21-60157, 2022 WL 3971587, at *1 (5th Cir. Aug. 31, 2022).

[4] A Form I-485 is used to apply for lawful permanent resident status if the non-citizen is in the United States. *See* https://www.uscis.gov/i-485 (last visited September 18, 2025).

[5] Form I-360 applications are used to classify an alien as: (1) an Amerasian (born after Dec. 31, 1950, and before Oct. 23, 1982); (2) the widow(er) of a U.S. citizen; (3) a VAWA self-petitioning spouse of an abusive U.S. citizen or lawful permanent resident; (4) a VAWA self-petitioning child of an abusive U.S. citizen or lawful permanent resident; (5) a VAWA self-petitioning parent of an abusive U.S. citizen son or daughter who is 21 years old or older; or (6) a special immigrant. *See* https://www.uscis.gov/i-360 (last visited September 18, 2025).

adjudicate the pending I-485 applications are a violation of the APA and the Fourteenth Amendment. ECF No. 1. Plaintiffs also ask the Court to compel USCIS via a writ of mandamus to adjudicate their applications. ECF No. 1 at 7–8. Defendants assert Plaintiffs should be dismissed because "caselaw is unequivocally clear that no subject-matter jurisdiction exists because the INA strips federal courts of jurisdiction to review adjustment-of-status actions under Section 1255, including USCIS's pace of adjudication, which is left to the agency's discretion," and "even aside from any jurisdictional defects, dismissal on the merits would additionally be proper." ECF No. 7 at 4.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1).

"Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014). The party invoking the court's jurisdiction carries the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of

subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *In re FEMA*, 668 F.3d at 287.

**B.     Rule 12(b)(6).**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A court reviewing a motion to dismiss under Rule 12(b)(6) may consider:

4

"(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**III.    DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED.**

Defendants argue that the Court lacks jurisdiction over Plaintiffs' claims because by its very terms, § 1252(a)(2)(B) of the INA precludes judicial consideration of any decisions or actions related to an adjustment-of-status application, which includes "the pace at which that process is undertaken." ECF No. 7 at 7–8 (quoting *Cheejati v. Blinken*, 106 F.4th 388 (5th Cir. 2024), *cert. denied*, 145 S.Ct. 1126 (2025)). Defendants further argue that Plaintiffs' claims further fail as a matter of law "for failure to identify a clear, mandatory duty to adjudicate within a specified time period." ECF No. 7 at 9–11.

Plaintiffs respond that the INA jurisdictional bar does not apply to their claims because they do not challenge a judgment, decision, or action—rather, Plaintiffs complain of the lack of action as there has not been a decision or action taken. ECF No. 13 at 6. Plaintiffs argue that "[i]n both *Bian* and *Cheejati*, the delay was caused because there was no visa available to the Plaintiff at that time, which is the result of a policy decision to limit the number of visas available for certain visa categories," but here," there is simply unexplained inaction" because there are visa numbers

5

available. ECF No. 19 at 8–9, 10. Plaintiffs further contend that they sufficiently stated a claim for relief under the APA and the Mandamus Act. ECF No. 13 at 10.

### A. Plaintiffs' APA Claims Should Be Dismissed for Lack of Jurisdiction.

Plaintiffs filed suit seeking the Court to compel Defendants to adjudicate their adjustment-of-status applications pursuant to its authority under the APA. Plaintiffs allege that Defendants violate the APA "by unlawfully and unreasonably withholding agency action." ECF No. 1 ¶ 38. Under the APA, 5 U.S.C. § 555(b), agencies are required to conclude matters presented to then within a reasonable time. ECF No. 1 ¶ 39. Defendants argue that § 1252 of the INA strips courts "of jurisdiction to review any decision or action which falls within the Attorney General's discretion," like adjustment-of-status applications. ECF No. 7 at 7–8 (citing 8 U.S.C. §§ 1252(a)(2)(B), 1255(a)).

As an initial matter, the "APA itself does not impliedly grant federal jurisdiction, so a court may not consider an APA claim if there is not another basis for the court's subject matter jurisdiction." *Guliyev v. United States Citizenship & Immigration Services*, No. 3:24-CV-2418-K, 2025 WL 1898670, at *3 (N.D. Tex. July 9, 2025) (citing *Califano v. Sanders*, 430 U.S. 99, 105 (1977)). Here, there is not such jurisdiction.

The Court agrees with Defendants that this Court cannot hear Plaintiffs' APA claims because the INA "largely bars judicial review of adjustment to status

determinations such as [theirs]." *Guliyev*, 2025 WL 1898670, at *4. "[Section 1252(a)(2)(B)(i)] strips courts of jurisdiction to review 'any judgment regarding the granting of relief' under section 1255" and "thus district courts may not review any judgment regarding the granting of an adjustment to status." *Id.* (quoting *Patel v. Garland*, 56 U.S. 328, 336-347 (2022)). Further, "[§ 1252(a)(2)(B)(ii)] bars the review of any other decision or action of the Attorney General or Secretary of Homeland Security the authority of which is specified under this subchapter to be in the discretion of the Attorney General or Secretary of Homeland Security, other than the granting of [asylum relief]." *Id.* (quoting *Patel*, 56 U.S. at 342). Courts interpret this provision broadly "to bar judicial review of discretionary decisions or actions relating to an application of adjustment of status." *Id.* (citing *Patel*, 56 U.S. at 338 ("the word any has an expansive meaning"); *Kucana v. Holder*, 558 U.S. 233, 247 (2010) ((B)(ii) is a "catchall" that bars judicial review of any other decision or action made under discretionary authority granted by the INA)).

Citing numerous out-of-circuit cases, Plaintiffs argue that § 1252(a)(2)(B)(ii) is inapplicable to the instant case "because it says nothing about removing the federal courts' ability to review the pace at which the government adjudicates applications for adjustment of status." ECF No. 13 at 2, 6–8. But, the Fifth Circuit has held that § 1252(a)(2)(B)(ii) "bars district courts' jurisdiction over litigation relating to the

7

process and *pace* of adjustment of status adjudications." *Guliyev*, 2025 WL 1898670, at *4 (emphasis added) (citing *Cheejati*, 106 F.4th at 394 (holding *Patel* precludes judicial review of any practical applications of the Attorney General's statutorily authorized discretion)). In *Cheejati*,[6] the Fifth Circuit held that § 1252(a)(2)(B)(ii) strips jurisdiction from courts for "any discretionary decision or action rendered by the Attorney General" relating to adjustment decisions, as well as "actions taken in the course of the decision-making *process*—including the pace at which that process is undertaken." *Id.* (quoting *Cheejati*, 106 F.4th at 394 (emphasis in original) (citing *Bian v. Clinton*, 605 F.3d 249, 252-53 (5th Cir. 2010), *vacated for mootness*, 2010 WL 3633770 (5th Cir. Sept. 16, 2010); *accord Li v. Jaddou*, 2023 WL 3431237, at *1 (5th Cir. May 12, 2023))). Notably, the "discrete acts undertaken to render an

---

[6] Plaintiffs contend that *Cheejati* is distinguishable from the instant case because the Fifth Circuit "dismissed a challenge to agency policy regarding visa adjudication delays, finding such decisions discretionary and not subject to review," whereas here, Plaintiffs do not challenge a policy regarding visa unavailability, but only challenge the unexplained delay in adjudication. ECF No. 13 at 2, 8–9. The court in *Isleem v. Peacock*, No. CV 24-559, 2024 WL 3887511, at *4 (E.D. La. Aug. 21, 2024) addressed and dismissed this same distinction:

> for the purposes of the INA, inaction qualifies as part of the process under the statute. Although *Cheetaji* specifically dealt with the pace of adjudication with respect to retrogression dates, the language in *Cheetaji* is clear: where pace of adjudication is at issue for a discretionary action by the Attorney General, federal courts lack jurisdiction to hear the issue.

*Id.* (citing *Cheejati*, 106 F.4th at 394). Plaintiffs also challenge use of the *Bian* case because the Fifth Circuit vacated this decision for mootness. ECF No. 13 at 2, 8–9. The Court does not find this to be reason enough to not utilize the *Bian* decision. First, the Fifth Circuit vacated the decision on mootness grounds because the government subsequently adjudicated the plaintiffs' applications. Second, the Fifth Circuit relied on the *Bian* decision in reaching the *Cheejati* holding. *See Cheejati*, 106 F.4th at 394 (citing *Bian*, 605 F.3d at 253-54).

adjustment decision and the *timing of those acts* are determined by the Attorney General in his discretion, and that discretionary action cannot be reviewed by federal courts." *Id.* (emphasis in original) (quoting *Cheejati*, 106 F.4th at 394 (citing § 1252(a)(2)(B)(ii))).

Here, Plaintiffs raise claims under the APA to remedy Defendants' "unlawfully and unreasonably withholding agency action." These claims are in effect "an attempt to secure judicial review of the pace of, and discrete acts within, the discretionary decision-making process relating to [Plaintiffs'] adjudication of [their] application[s],"—therefore, their APA claims "seek[] judicial review of USCIS's discretionary actions squarely within the INA's jurisdiction stripping provision barring judicial review of any discretionary decision or action relating to discretionary relief, including adjustment of status, at § 1252(a)(2)(B) (ii)." *Guliyev*, 2025 WL 1898670, at *4; *see also Isleem*, 2024 WL 3887511, at *4 ("where pace of adjudication is at issue for a discretionary action by the Attorney General, federal courts lack jurisdiction to hear the issue.") (citing *Cheejati*, 106 F.4th at 394).

Accordingly, because § 1252(a)(2)(B)(ii) strips the Court of jurisdiction "to review discretionary agency decisions as they relate to applications for adjustments to status, and the APA itself does not otherwise grant jurisdiction," the Court cannot hear Plaintiffs' APA claims. *See id.* The motion to dismiss for lack of subject matter

jurisdiction should be granted as to Plaintiffs' APA claims. *See Guliyev*, 2025 WL 1898670, at *3–5.

## B. Plaintiffs' Claims Under the Mandamus Act Should Be Dismissed for Lack of Jurisdiction.

Plaintiffs also ask the Court to compel Defendants to adjudicate their adjustment-of-status applications pursuant to the Court's authority under the Mandamus Act, 28 U.S.C. § 1361, arguing that Defendants have a "non-discretionary duty to adjudicate" Plaintiffs' applications, which they have failed to perform. ECF No. 1 ¶¶ 42, 43. Again, Defendants argue that the Court lacks jurisdiction to adjudicate these claims because the INA precludes claims like these under the Mandamus Act. ECF No. 7 at 7–8.

Like the Court's analysis above, the Court has no jurisdiction to hear Plaintiffs' Mandamus Act claims. "[T]he jurisdiction stripping provisions at 8 U.S.C. § 1252(B)(i) and (B)(ii) that covers discretionary relief such as adjustments to status, expressly indicates that '[n]otwithstanding any other provision of law (statutory or non-statutory) including . . . title 28. . . section 1361 [the Mandamus Act] . . . no court shall have jurisdiction to review any other decision or action' granted to the agency discretion by the INA." *Guliyev*, 2025 WL 1898670, at *5 (quoting 8 U.S.C. § 1252(B)). As a result, the INA "strips the Court of Mandamus Act jurisdiction over claims relating to discretionary immigration relief, including requests for an adjustment of status" like Plaintiffs' pending applications. *See id.*

10

The Court lacks subject matter jurisdiction to hear Plaintiffs' Mandamus Act claims, and therefore, the motion to dismiss Plaintiffs' Mandamus Act claim pursuant to Rule 12(b)(1) should be granted. *See id.*[7]

### C. Plaintiffs' Due Process Claim Should Be Dismissed for Failure To State a Claim.

Finally, Plaintiffs allege that their Due Process rights were violated by Defendants' failure to adjudicate their Form I-485 applications. ECF No. 1 ¶ 46. Unlike the other claims, the Court has subject matter jurisdiction over Plaintiffs' claim under the Fifth and Fourteenth Amendments because it involves a question arising under the United States Constitution. *See* 28 U.S.C. § 1331. "Regardless of any jurisdiction-stripping arguments, 8 U.S.C. § 1252(a)(2)(D) expressly provides, '[n]othing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims.'" *Mysaev v. United States Citizenship & Immigration Services*, No. 3:22-CV-0371-B, 2022 WL 2805398, at *7 (N.D. Tex. July 18, 2022).

As an initial matter, Plaintiffs do not address Defendants' argument that these claims should be dismissed for failure to state a claim. "A party's failure to defend a claim in response to a motion to dismiss constitutes abandonment." *Guliyev*, 2025

---

[7] Because the Court finds that it lacks jurisdiction over Plaintiffs' APA and Mandamus Act claims, it does not reach Defendants' Rule 12(b)(6) arguments on these claims.

WL 1898670, at *5 (quoting *Barrios v. Target Corp.*, No. 3:23-CV-00033-E, 2023 WL 4768191, at *2 (N.D. Tex. July 26, 2023) (citing *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (failure to respond to argument in motion to dismiss constituted abandonment)); *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (claim abandoned when failed to assert in a response to motion to dismiss)). Because Plaintiffs failed to address Defendants' challenge to their Due Process claims in their response, Plaintiffs have abandoned their Due Process claims.[8]

Even so, to state a Due Process claim, "plaintiff[s] must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Guliyev*, 2025 WL 1898670, at *5 (quoting *Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 242 (5th Cir. 2018) (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010))). "Courts in the Fifth Circuit agree that adjustment of status and interests related to these proceedings are not protected liberty interests that can support a Due Process claim." *Id.* at *8 (citing *Nyika v. Holder*, 571 F. App'x. 351, 352 (5th Cir. 2014) ("Because [plaintiff] had no liberty interest in adjustment of status, there can be no due process violation.");

---

[8] Plaintiffs also raised a claim for "irreparable harm." ECF No. 1 ¶¶ 48–50. Defendants move to dismiss this claim because there is no standalone cause of action for irreparable harm. ECF No. 7 at n. 3 (citing *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008))). Plaintiffs also failed to respond to Defendants' argument to dismiss this claim. Accordingly, Plaintiffs' irreparable harm claim should be also dismissed.

*Ohiri v. Gonzalez*, 233 F. App'x. 354, 356 (holding there was no liberty interest in right to effective assistance of counsel because there is no liberty interest in adjustment of status); *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 228 (5th Cir. 2017) ("[F]ailure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." (quoting *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004))). Accordingly, Plaintiffs have failed to state a valid Due Process claim and therefore, these claims should be dismissed. *See Guliyev*, 2025 WL 1898670, at *6.

In sum, Defendants' motion to dismiss should be granted and Plaintiffs' claims dismissed.[9]

## IV.  CONCLUSION.

Therefore, the Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**. ECF No. 7. Plaintiffs' APA and Mandamus Act claims should be dismissed for lack of subject matter jurisdiction and Plaintiff's Due Process and "irreparable harm" claims should be dismissed for failure to state a claim. It is further

---

[9] Although Plaintiffs do not seek leave to amend, amendment of the Due Process claims would be futile. *See Mysaev*, 2022 WL 2805398, at *8 (because the plaintiff's claim of fundamental fairness in administrative proceedings was not a protected liberty interest that can support a Due Process claim, amendment would be futile) (citing *Mendias-Mendoza*, 877 F.3d at 228 ("[F]ailure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." (quoting *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004)) (internal quotation marks omitted))).

13

**RECOMMENDED** that that Court enter a final judgment pursuant to Fed. R. Civ. P. 58(a), stating that Plaintiffs' claims are **DISMISSED**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on September 24, 2025.

*Dena Palermo*
_____
**Dena Hanovice Palermo
United States Magistrate Judge**